UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JOHN MACERINO,

               Plaintiff,

    -against-

THE CITY OF NEW YORK and LUIS
MACHADO, an employee of the New
York City Police Department,

               Defendants.

-----------------------------------------------------------x

COMPLAINT
08 CV 3943 (DC)(FM)

**Jury Trial Demanded**

JOHN MACERINO, by his attorney, Matthew Flamm, alleges the following upon information and belief as his Complaint.

### Nature of the Action

1.    This civil rights action arises from the October 22, 2007 assault on John Macerino in his home by a New York City Police Officer. Mr. Macerino, who was not charged or prosecuted, suffered a serious jaw fracture. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201, and, under 42 U.S.C. §1983, compensatory and punitive damages for violation of his civil rights.

### Jurisdiction and Venue

2.    This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).

3.    Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

### Parties

4.    Plaintiff JOHN MACERINO is a citizen of the United States of America residing in the State and City of New York, County of Kings. Plaintiff

does and did at all relevant times live with his wife of 17 years, Helen, at 2129 Cortelyou Road, apartment 3C.

5. Defendant LUIS MACHADO (Tax Registry No. 940403) was at all times relevant a duly appointed and acting Police Officer employed by the New York City Police Department and assigned to the 70th Police Precinct in Brooklyn, New York.

6. At all times relevant defendant MACHADO was acting under color of state law.

7. Defendant MACHADO was at all times relevant acting as an agent, servant and employee acting within the scope of his employment by defendant City of New York.

### Notice of Claim

8. On or about November 13, 2007, and within 90 days of the events giving rise to the instant case, the plaintiff filed a Notice of Claim upon defendant City of New York by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

9. The Notice of Claim was in writing, sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

10. The Notice of Claim set out the nature of the claim, the time when, the place where, and manner by which the claim arose, and the damages and injuries claimed to have been sustained.

11. The New York City Comptroller's Office assigned the case claim number 2007PI031569.

12. The City of New York has neglected and failed to adjust the claims within the statutory time period.

13. This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

Facts Underlying
Plaintiff's Claims for Relief

14. On October 22, 2007 at approximately Noon inside of Mr. and Mrs. Macerino's home in the Flatbush section of Brooklyn, defendant Machado, without lawful cause or justification, threatened plaintiff with his firearm, pushed plaintiff twice in his chest and then struck John Macerino in the jaw with a closed fist.

15. At no time did Mr. Macerino assault or attempt to assault either Officer Machado or his partner. Plaintiff did nothing justifying or explaining the attack and subsequent arrest.

16. After breaking plaintiff's jaw, Officer Machado arrested Mr. Macerino by handcuffing him and having him sit on a chair. Mr. Macerino remained cuffed for approximately forty-five minutes.

17. Other officers arrived, including a Sergeant named, upon information and belief, Crawford. Crawford escorted Machado from plaintiff's home. Another Sergeant, named Costello, thereafter uncuffed Mr. Macerino.

18. Plaintiff was not charged with or prosecuted for any offense.

19. Mr. Macerino thereafter obtained medical care. He was admitted first to Kings County Hospital and then to St. Lukes Roosevelt Hospital in Manhattan. He was found with fractures to his right parasymphysis (chin) and left angle, the interior mucosa at the site of the mandible's left angle-body region lacerated by bony fragments, edema at the angles of mandible, trismus and decreased sensation from nerve injury.

20. Plaintiff underwent open reduction internal fixation surgery whereby metal plates held in place by screws were used to set and secure the fractured left angle and right symphysis.

21. Mr. Macerino has residual nerve damage, including damage to the inferior alveolar nerve, and can no longer fully open his mouth. He continues to suffer from pain to the left side of his chin.

22. In addition to physical injuries and pain, Mr. Macerino suffered the emotional trauma, shock and fright of being attacked in his home by a Police Officer, and deprivation of his constitutional rights, among other injuries.

23. At all times relevant, and in using force on and arresting Mr. Macerino, the individual defendant acted intentionally, willfully, maliciously, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical well-being.

FIRST CLAIM FOR RELIEF
FOR VIOLATING PLAINTIFF'S RIGHT
TO BE FREE FROM UNREASONABLE FORCE UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

24. Plaintiff repeats the allegations of paragraphs 1-23 above as though fully stated here.

25. By the actions described above, defendant Machado deprived John Macerino of rights secured by the United States Constitution, including, but not limited to, to Mr. Macerino's right to be secure in his person from unreasonable seizures.

26. As a consequence thereof, John Macerino has been injured.

SECOND CLAIM FOR RELIEF FOR ASSAULT

27. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

28. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

29. As a consequence thereof John Macerino has been injured.

THIRD CLAIM FOR RELIEF FOR BATTERY

30. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

31. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

32. As a consequence thereof John Macerino has been injured.

### FOURTH CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

33. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

34. By the actions described above, the individual defendant deprived Mr. Macerino of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free arrest or search, except on probable cause or pursuant to warrant.

35. As a consequence thereof, John Macerino has been injured.

### FIFTH CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

36. Plaintiff repeats the allegations of paragraphs 1-23 as though fully stated herein.

37. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

38. As a consequence thereof, John Macerino has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A) A Declaratory Judgment that plaintiff's right to be free from unreasonable and excessive force and unreasonable seizure

under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

(B) Compensatory damages in an amount to be fixed at trial;

(C) By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages from the individual defendant in an amount to be fixed at trial;

(D) An award to plaintiff of the costs and disbursements herein;

(E) An award of attorney's fees under 42 U.S.C. §1988; and

(F) Such other and further relief as this Court may deem just and proper.

Dated: April 28, 2008
Brooklyn, New York

_____
Matthew Flamm **MF1309**
 Attorney for Plaintiff
26 Court Street, Suite 600
Brooklyn, New York  11242
 (718) 797-3117