**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/2008

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Sumit Sud
*Assistant Corporation Counsel*
ssud@law.nyc.gov
(212) 788-1096
(212) 788-9776 (fax)

May 19, 2008

**BY HAND DELIVERY**
The Honorable Denny Chin
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
MAY 20 2008
JUDGE CHIN'S CHAMBERS

Re:   John Macerino v. City of New York et al.
      08 CV 03943 (DC)

Your Honor,

   I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the above-referenced matter. I write to respectfully request that defendant City of New York be granted an enlargement of time from the present date until July 18, 2008, to answer or otherwise respond to plaintiff's complaint. Plaintiff's counsel Matthew Flamm, Esq., consents to this request.

   There are several reasons for seeking an enlargement of time. In accordance with this office's obligation under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Plaintiff alleges that, on or about October 22, 2007, he was subjected to excessive force by the defendant police officers Luis Machado, without cause or justification. Plaintiff appears to allege that as a result of the excessive force his jaw was injured. To that end, this office is in the process of processing plaintiff's N.Y.C.P.L. §160.50 release so that we can access the sealed records from his underlying criminal prosecution, including the Criminal Court file, the District Attorney's file, and even our own police records. Furthermore, this office is also in the process of processing HIPPA compliant medical releases received from plaintiff, so that we can access plaintiff's medical records pertaining to the alleged injury.

Further, assuming plaintiff effects timely service on the remaining individual defendant, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the individually named defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

Accordingly, defendant City of New York respectfully requests that its time to respond to the complaint be extended until July 18, 2008. Thank you for your consideration of this request.

Respectfully submitted,

Sumit Sud (SS 2781)
Assistant Corporation Counsel

cc:   Matthew Spencer Flamm
      26 Court Street
      Brooklyn, New York 11242 (By First Class Mail)

APPLICATION GRANTED.
SO ORDERED

Denny Chin, U.S.D.J.

5/21/08