UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JOHN MACERINO,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK, and LUIS MACHADO, and employee of the New York City Police Department,

                              Defendants.
------------------------------------------------------------------------x

**ANSWER FOR CITY OF NEW YORK**

08 CV 3943(DC)(FM)

**JURY TRIAL DEMANDED**

       Defendant The City of New York (the "City" or "defendant"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to plaintiff's complaint, respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that that plaintiff purports to base jurisdiction as stated therein.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue as stated therein.

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

       5.     Denies the allegations set forth in paragraph "5" of the complaint, except admits that Luis Machado (Tax Registry No. 940403) is employed by the City of New York as a police officer.

6. Paragraph "6" of plaintiff's complaint states a conclusion of law rather then an averment of fact, and thus no response is required.

7. Paragraph "7" of plaintiff's complaint states a conclusion of law rather then an averment of fact, and thus no response is required.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that a document purporting to be a Notice of Claim was received on or about November 14, 2007.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff purports to proceed as stated therein.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff purports to proceed as stated therein.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that the purported claim has not been paid.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that this action was filed with the Court on April 28, 2008.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendant repeats and realleges the responses set forth in paragraphs 1 through 23 inclusive of its answer, as if fully set forth herein.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "26" inclusive of its answer, as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "29" inclusive of its answer, as if fully set forth herein.

  31.  Denies the allegations set forth in paragraph "31" of the complaint.

  32.  Denies the allegations set forth in paragraph "32" of the complaint.

  33.  In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "32" inclusive of its answer, as if fully set forth herein.

  34.  Denies the allegations set forth in paragraph "34" of the complaint.

  35.  Denies the allegations set forth in paragraph "35" of the complaint.

  36.  In response to the allegations set forth in paragraph "36" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "35" inclusive of its answer, as if fully set forth herein.

  37.  Denies the allegations set forth in paragraph "37" of the complaint.

  38.  Denies the allegations set forth in paragraph "38" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

  39.  The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

  40.  Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

  41.  Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the underlying culpable or negligence conduct of others and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

  42.  Plaintiff cannot obtain punitive damages against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

43. The actions of any police officers involved were justified by probable cause.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

44. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York and is entitled to governmental immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

45. Plaintiff provoked any incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

46. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

47. This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

48. Plaintiff may have failed to comply with the conditions precedent to suit under state law.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 18, 2008

                                  MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                City of New York
                                Attorney for Defendant City of New York
                                100 Church Street, Room 3-221
                                New York, New York 10007
                                (212) 788-1096

                            By:         /s
                                SUMIT SUD (SS 2781)

TO:   Matthew Flamm, Esq.
       26 Court Street, Suite 600
       225 Broadway, Suite 1608
       Brooklyn, New York  11242
       (718) 797-3117 ( BY ECF)